# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

SANDRA MANGUM,

        Plaintiff,

v.

NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations,

        Defendant.

CASE NO. 3:17-cv-05539-JRC

ORDER ON PLAINTIFF'S COMPLAINT

    This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Consent to Proceed Before a United States Magistrate Judge, Dkt. 2). This matter has been fully briefed. *See* Dkt. 15, 20, 21.

    After considering and reviewing the record, the Court concludes that the ALJ did not commit harmful legal error during the evaluation of plaintiff's Social Security applications. Although plaintiff contends that the ALJ erred when evaluating plaintiff's

allegations and testimony, there are many inconsistencies and conflicts between plaintiff's testimony at her hearing about her limitations, and the statements and reports throughout the medical record regarding her activities and abilities.

Similarly, although plaintiff argues that the ALJ erred when evaluating the medical evidence, when providing their medical opinions, Drs. Lindner and Chalstrom both clearly relied heavily on plaintiff's subjective reports - subjective reports which the ALJ properly rejected.

Therefore, this matter is affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff, SANDRA MANGUM, was born in 1974 and was 39 years old on the alleged date of disability onset of June 15, 2013. *See* AR. 213-19, 220-27. Plaintiff completed the ninth grade in school. AR. 40. Plaintiff has work experience as a cashier, deli worker, customer service worker and office worker. AR. 46-49, 268-79.

According to the ALJ, plaintiff has at least the severe impairments of "obesity, affective disorder, and anxiety disorder (20 CFR 404.1520(c) and 416.920(c))." AR. 20.

At the time of the hearing, plaintiff was living in a house with her husband and four children. AR. 41.

## PROCEDURAL HISTORY

Plaintiff's applications for disability insurance benefits ("DIB") pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act were denied initially and following reconsideration. *See* AR. 83, 84, 111, 112. Plaintiff's requested hearing was

held before Administrative Law Judge Ilene Sloan ("the ALJ") on November 16, 2015. *See* AR. 34-82. On January 6, 2016, the ALJ issued a written decision in which she concluded that plaintiff was not disabled pursuant to the Social Security Act. *See* AR. 14-33.

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) The ALJ erred in her consideration of plaintiff's allegations; (2) The ALJ erred in her weighing of the medical opinions; and (3) The ALJ erred in her consideration of the lay witness testimony. *See* Dkt. 15, p. 1.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

**(1)  Did the ALJ err in her consideration of plaintiff's allegations?**

Plaintiff contends that the ALJ erred when failing to credit fully her allegations and testimony. Dkt. 15, pp. 2-11. Defendant contends there is no error. Dkt. 20, pp. 3-7.

If the medical evidence in the record is not conclusive, sole responsibility for resolving conflicting testimony and analyzing a claimant's testimony regarding limitations lies with the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1999) (citing *Waters v. Gardner*, 452 F.2d 855, 858 n.7 (9th Cir. 1971) (*Calhoun v. Bailar*, 626

F.2d 145, 150 (9th Cir. 1980)). An ALJ is not "required to believe every allegation of disabling pain" or other non-exertional impairment. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) (citing 42 U.S.C. § 423(d)(5)(A) (other citations and footnote omitted)). Even if a claimant "has an ailment reasonably expected to produce *some* pain; many medical conditions produce pain not severe enough to preclude gainful employment." *Fair, supra*, 885 F.2d at 603. The ALJ may "draw inferences logically flowing from the evidence." *Sample, supra*, 694 F.2d at 642 (citing *Beane v. Richardson*, 457 F.2d 758 (9th Cir. 1972); *Wade v. Harris*, 509 F. Supp. 19, 20 (N.D. Cal. 1980)). However, an ALJ may not speculate. *See* SSR 86-8, 1986 SSR LEXIS 15 at *22.

Nevertheless, the ALJ's determinations regarding a claimant's statements about limitations "must be supported by specific, cogent reasons." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (citing *Bunnell v. Sullivan*, 947 F.2d 341, 343, 346-47 (9th Cir. 1991) (*en banc*)). In evaluating a claimant's allegations of limitations, the ALJ cannot rely on general findings, but "'must specifically identify what testimony is credible and what evidence undermines the claimant's complaints.'" *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (quoting *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999)); *Reddick, supra*, 157 F.3d at 722 (citations omitted); *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (citation omitted).

The determination of whether or not to accept a claimant's testimony regarding subjective symptoms requires a two-step analysis. 20 C.F.R. §§ 404.1529, 416.929; *Smolen, supra*, 80 F.3d at 1281-82 (citing *Cotton v. Bowen*, 799 F.2d 1407-08 (9th Cir. 1986)). First, the ALJ must determine whether or not there is a medically determinable

impairment that reasonably could be expected to cause the claimant's symptoms. 20 C.F.R. §§ 404.1529(b), 416.929(b); *Smolen, supra*, 80 F.3d at 1281-82. If an ALJ rejects the testimony of a claimant once an underlying impairment has been established, the ALJ must support the rejection "by offering specific, clear and convincing reasons for doing so." *Smolen*, *supra*, 80 F.3d at 1284 (citing *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir.1993)); *see also Reddick, supra*, 157 F.3d at 722 (citing *Bunnell v. Sullivan*, *supra*, 947 F.2d at 343, 346-47). For the reasons stated herein, the Court concludes that is what the ALJ did here.

One of the findings relied on by the ALJ when failing to credit fully plaintiff's allegations and testimony is a finding that plaintiff "has given inconsistent reports of her activities, in a manner that further detracts from her credibility regarding her functioning." AR. 25.

At her administrative hearing, plaintiff testified that she has not "driven in a very long time," and that she takes a "medication that makes it impossible for [her] to drive." AR. 42. She also testified that she spends the majority of time in her room, and that her [husband] will make dinner [and her] children will bring [her] dinner." AR. 44. She clarified in her testimony that she stays in her room all day even though no other people are home. AR. 53.

Regarding housekeeping and household chores, plaintiff testified that her husband and her daughter "do the cooking," and that her daughter dusts and vacuums, while her husband does the grocery shopping. AR. 44-45. She testified that occasionally at night she will go do the grocery shopping with her husband, but then she gets overwhelmed,

and scared, and they "just leave," without finishing their shopping. AR. 54-55. She testified that her 20-year-old daughter takes her other daughter and son shopping for other things such as clothes. AR. 63.

Plaintiff testified that she does not read for leisure because she cannot focus. AR. 55-56. Plaintiff testified that she has anxiety attacks at least twice a day, sometimes for two hours, sometimes for an entire day. AR. 56. They allegedly are triggered by fear, negativity, disappointment and "lots of different things." AR. 57.

In contrast to plaintiff's testimony, the ALJ pointed out that the record reveals various inconsistencies. *See* AR. 25. For example, the ALJ noted that during a medical appointment "in October 2013, the claimant said that she was currently a homemaker." AR. 25 (citing AR. 376; *see also* AR. 305 ("I will cook dinner"))). This clearly is a large inconsistency. Plaintiff's testimony suggests that she was not capable of doing very many of the tasks that logically would be completed by someone who considers themselves to be "a homemaker." For example, despite testifying that her husband and daughter do the cooking, plaintiff wrote in her function report that although she did not want to cook, she had "kids that have to be fed," and therefore prepared food daily. AR. 306.

Similarly, the ALJ pointed out that plaintiff "reported going shopping multiple times per week." AR. 25 (citing AR. 573-84). Although plaintiff did report taking Klonopin while she was there and reported having to leave the store, this report in the record of regular shopping nevertheless is inconsistent with plaintiff's testimony that she only occasionally went shopping at night with her husband (and then left in a panic). The ALJ also noted how plaintiff reported in a April 2014 function report that she was

reading "all the time [and] good." AR. 25 (quoting AR. 288). This is inconsistent with plaintiff's testimony that she cannot focus well enough to read. AR. 55-56.

The Court concludes that the ALJ's finding that plaintiff's activities of daily living as demonstrated by her contemporaneous reports in the medical record are inconsistent with plaintiff's testimony regarding her limitations is a finding based on substantial evidence in the record as a whole. The Court also concludes that this finding alone is clear and convincing rationale for failing to credit fully plaintiff's allegations about her limitations. The fact that plaintiff repeatedly overstated how limited she was when she was testifying at her administrative hearing is a clear and convincing reason for failing to credit fully her testimony about those very limitations.

However, the Court also notes that the ALJ offered other reasons for failing to credit fully plaintiff's allegations and testimony. *See* AR. 24-25; *see also* AR. 399 ("denies anxiety") (11/26/14)), AR. 461 ("denies anxiety") (10/09/14), AR. 485 ("normal mood and affect: normal attention span and concentration" (10/09/14)). Plaintiff's argument that the ALJ should have credited her testimony that she suffers from disabling anxiety attacks when she explicitly "denie[d] anxiety" at least twice to a medical provider during the relevant period of time is not persuasive.

For the reasons stated and based on the record as a whole, Court concludes that the ALJ provided clear and convincing reasons based on substantial evidence in the record as a whole for the failure to credit fully plaintiff's allegations and testimony.

//

//

**(2) Did the ALJ err in her weighing of the medical opinions?**

Plaintiff contends that the ALJ erred when weighing the medical opinions. Dkt. 15. Defendant contends that there is no error. Dkt. 20.

When an opinion from an examining or treating doctor is contradicted by other medical opinions, the treating or examining doctor's opinion can be rejected only "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996) (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995).

**a. Dr. Karen C. Lindner, Ph.D., P.S., treating therapist**

Plaintiff acknowledges that one of the reasons provided for the failure to credit fully the opinion from this treating psychologist was that the psychologist had not referred to any "objective evidence to support her multifaceted assessment of psychological disability. Rather, her only expressed basis was a recitation of the claimant's subjective reporting." *See* Dkt. 15, p. 14 (quoting AR. 27). However, plaintiff does not acknowledge that this finding by the ALJ is based on substantial evidence in the record as a whole. Instead, plaintiff argues that Dr. Lindner had seen plaintiff for weekly counseling sessions and "had the opportunity to make her own observations and measure plaintiff's behaviors against [plaintiff's] reporting." *Id*.

While it is true that Dr. Lindner had the opportunity to make her own observations, there is no evidence in the record that she did so. Of course, that does not mean that Dr. Lindner did not perform a mental status examination. However, it does mean that the ALJ's finding that Dr. Lindner did not refer to any objective evidence to

support her opinion, but rather appeared to rely simply on plaintiff's subjective reporting, is based on substantial evidence in the record as a whole. For example, when providing her opinion on November 20, 2015, Dr. Lindner specifically indicated that plaintiff "reported symptoms of increased heart rate and blood pressure with profuse sweating plus intense fear if she thinks about leaving her home, or on good days, her house." AR. 622. In the next paragraph, Dr. Lindner reported that plaintiff's "symptoms grew from there," and recited some of plaintiff's reported symptoms. *Id*. Similarly, in the subsequent paragraph, Dr. Lindner reported what plaintiff "wanted," and what plaintiff "thought." *Id*. Finally, in the only other paragraph other than the concluding opinion, Dr. Lindner again reported plaintiff's return for treatment "in July 2014 with many of the same symptoms," and again reported plaintiff's subjective recitation of her symptoms. AR. 63. Plaintiff has not directed the Court to any evidence in the record that Dr. Lindner made any objective observations or performed any mental status examination, or did anything other than listen to plaintiff's subjective reports, than make an assessment and provide a plan. *See id.*; *see also* AR. 343-49.

For the reasons stated, the Court concludes that the ALJ's finding that Dr. Lindner did not refer to any objective medical evidence, but instead appear to have relied largely on plaintiff's subjective reporting when rendering her medical opinion is a finding based on substantial evidence in the record as a whole. As the Court already has concluded that the ALJ did not err when failing to credit fully plaintiff's allegations and testimony, *see supra*, section 1, the Court also concludes that this finding regarding reliance on plaintiff's subjective statements is a specific and legitimate reason for the failure to credit

fully Dr. Lindner's opinion, and for giving it only minimal weight. There is no harmful error.

### b. Dr. William J. Chalstrom, Ph.D., examining doctor

Plaintiff next contends that the ALJ erred when failing to credit fully the medical opinion from Dr. Chalstrom, noting that the "ALJ gave minimal weight to Dr. Chalstrum's opinions for the same reasons that she had found that plaintiff was not fully credible." *See* Dkt. 15, p. 16 (citing AR. 26-27). Defendant contends that there is no error. Dkt. 20, p. 12-13.

Dr. Chalstrom performed at least a mini mental status examination ("MMSE"), but also appears to have relied heavily on plaintiff's subjective statements. *See* AR. 568-72. Dr. Chalstrom provided the following medical source statement:

> The claimant is a 40-year old female, who is experiencing significant problems with anxiety. MSE indicates that she has problems with memory and concentration due to anxiety. She is normally capable of understanding, remembering, and carrying out short and simple instructions, but has trouble when experiencing a panic attack or undue worry. She would even have difficulty getting to work, since she does not want to leave her house alone and would have to be accompanied by her husband or one of her children. She was feeling overwhelmed when she quit her two part-time jobs over a year ago. She is able to socialize with a few friends and family, but experiences dizziness and pounding heart when she even thinks about how she felt in her old jobs. She won't go to other people's homes, so they have to come to hers.

AR. 572.

Dr. Chalstrom opined that plaintiff normally is capable of understanding, remembering, and carrying out short and simple instructions, which likely would lead to a finding that she could perform competitive work, but he also opined that plaintiff has

trouble when experiencing a panic attack or undue worry. However, since the record does not appear to reflect that she was having a panic attack during this examination, Dr. Chalstrom's opinion that plaintiff has panic attacks, and what symptoms she experiences when she is having them, logically, is largely, if not entirely, based on plaintiff's subjective reports. Similarly, Dr. Chalstrom indicated that plaintiff would have difficulty getting to work, but indicated that this opinion was based on fact that plaintiff does not want to leave the house alone, again, the limitation clearly being based on plaintiff's subjective report.

For the reasons stated, the Court concludes that the ALJ's finding that Dr. Chalstrom based his opinions regarding plaintiff's limitations on plaintiff subjective reports of panic attacks and agoraphobia is based on substantial evidence in the record as a whole.

The ALJ also gave Dr. Chalstrom's opinion minimal weight on the basis that plaintiff's "long-standing reports of panic attacks predated employment 2012 in 2013." AR. 27. That plaintiff was able to work while allegedly suffering from panic attacks buttresses the ALJ's failure to credit fully the medical opinion that they would render plaintiff incapable of carrying out simple instructions. The ALJ also found that plaintiff's "activities and examination findings since her alleged onset date reflect generally intact psychological functioning, [and that] based on her work history, activities, examination findings, and treatment records, [the ALJ] [gave] much greater weight to other assessments." *Id*.

The Court concludes that the ALJ's rationale entails specific and legitimate rationale based on substantial evidence in the record as a whole for the failure to credit fully Dr. Chalstrom's opinion. Again, the Court finds no error.

### c. Dr. Cynthia Collingwood, Ph.D., non-examining psychologist

Finally, plaintiff contends that the ALJ erred by giving the greatest weight to the opinion of Dr. Collingwood, a non-examining doctor who reviewed the record. *See* Dkt. 15, pp. 16-17. Plaintiff contends that Dr. Collingwood's opinion was given too much weight, as Dr. Collingwood did not have the ability to review the assessments provided by Dr. Chalstrom and Dr. Lindner. However, as discussed above, the ALJ appropriately rejected the opinions provided by Drs. Chalstrom and Lindner, *see supra*, section 2.a and b. Furthermore, the ALJ gave greater weight to Dr. Collingwood's opinion because of a finding that it is "consistent with the claimant's work history, treatment records, examination findings and reported activities." AR. 27.

A non-examining psychologist's opinion may not constitute substantial evidence by itself sufficient to justify the rejection of an opinion by an examining physician or psychologist. *Lester, supra*, 81 F.3d at 831 (citations omitted). However, "it may constitute substantial evidence when it is consistent with other independent evidence in the record." *Tonapetyan v. Halter,* 242 F.3d 1144, 1149 (9th Cir. 2001) (citing *Magallanes, supra*, 881 F.2d at 752).

Here, the Court concludes that the ALJ's finding that Dr. Collingwood's opinion is consistent with other independent evidence in the record is a finding based on substantial evidence in the record as a whole. *See id*. The Court also concludes that the ALJ's

resolution of the conflicts in the medical evidence is reasonable and based on substantial evidence in the record as a whole. Again, the Court finds no error.

The ALJ is responsible for evaluating a claimant's testimony and resolving ambiguities and conflicts in the medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (citing *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)).

(3)  **Did the ALJ err in her consideration of the lay witness testimony?**

Pursuant to the relevant federal regulations, in addition to "acceptable medical sources," that is, sources "who can provide evidence to establish an impairment," 20 C.F.R. § 404.1513 (a), there are "other sources," such as friends and family members, who are defined as "other non-medical sources" and "other sources" such as nurse practitioners, physician assistants, therapists and chiropractors, who are considered other medical sources, *see* 20 C.F.R. § 404.1513 (d). *See also Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223-24 (9th Cir. 2010) (citing 20 C.F.R. § 404.1513(a), (d)); Social Security Ruling "SSR" 06-3p, 2006 SSR LEXIS 5 at *4-*5, 2006 WL 2329939. An ALJ may disregard opinion evidence provided by both types of "other sources," characterized by the Ninth Circuit as lay testimony, "if the ALJ 'gives reasons germane to each witness for doing so.'" *Turner, supra*, 613 F.3d at 1224 (quoting *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001)); *see also Van Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). This is because in determining whether or not "a claimant is disabled, an ALJ must consider lay witness testimony concerning a claimant's ability to work." *Stout v. Commissioner, Social Security Administration*, 454 F.3d 1050, 1053 (9th Cir. 2006)

(citing *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993); 20 C.F.R. §§ 404.1513(d)(4) and (e), 416.913(d)(4) and (e)).

Here, the ALJ considered the lay statement provided by plaintiff's husband and offered germane reasons for failing to credit it fully. Specifically, the ALJ included the following discussion in the written decision:

> I have taken into consideration the statements of Isaac Mangum, the claimant's spouse. In a function report from April 2014, Mr. Mangum wrote that the claimant was unable to work due to chronic pain, constant migraine headaches, and anxiety. He also reported that the claimant prepared full meals and that "she's faster [at meal preparations] than I am." He declared that she regularly visited stores for shopping. He denied that she had problems getting along with other people, including authority figures. He stated that she could pay attention "for as long as needed" and that she follow directions "very well" (internal citation to exhibit 3E). During the hearing, Mr. Mangum testified that he performed the household cooking, cleaning, and transportation. He stated that she was unable to tolerate public settings for prolonged periods due to fear. He said that she spent most for time in her bedroom. He declared that the claimant's psychiatric medications did not significantly improve her psychological state (hearing). I give minimal weight to Mr. Mangum's statements. The claimant's headaches, chronic pain, and anxiety have not prevented past work. Her treatment records indicate that these issues have either remained stable since her alleged onset date or improved with changes in medication. The claimant's activities (including those reported by Mr. Mangum) otherwise contradict Mr. Mangum's report of the claimant's severe psychological issues.

AR. 25-26.

The Court concludes that this discussion by the ALJ entails germane rationale for failing to credit fully the lay statement provided by plaintiff's husband. *See id*. Furthermore, the Court finds persuasive defendant's argument that "even if the ALJ had not provided germane reasoning, any error would be harmless." Dkt. 20, p. 14. As noted

by defendant, plaintiff "acknowledges that her husband's statements were consistent with what she said about her symptoms." *Id*. at 15 (citing Dkt. 15, p. 18).

If the ALJ has provided proper reasons to discount the lay testimony in another aspect of the written decision, such as within the discussion of plaintiff's testimony, the lay testimony may be considered discounted properly even if the ALJ fails to link explicitly the proper reasons to discount the lay testimony to the lay testimony itself. *See Molina v. Astrue*, 674 F. 3d 1104, 1121 (9th Cir. 2012) (quoting *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001)). The Court concludes that there is no error.

## CONCLUSION

Based on the stated reasons and the relevant record, the Court **ORDERS** that this matter be **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

**JUDGMENT** should be for defendant and the case should be closed.

Dated this 16th day of April, 2018.

J. Richard Creatura
United States Magistrate Judge